**Lois COX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39377.**

Court of Criminal Appeals of Texas.

April 6, 1966.

Marion H. Gibbons, Houston, for appellant.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr., and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, three years in the Department of Corrections.

This lengthy record develops in detail a disturbance between appellant and one Golden in Golden's yard. We see no materiality in whether or not appellant tried to run over Golden with her automobile in his yard or why he threw a brick through her windshield, because the offense for which appellant is on trial occurred after she left the Golden house and was apprehended by the arresting officers while she was driving upon a public highway. It was their testimony that while stopped and while talking to Golden, a Lincoln automobile driven by appellant and traveling some 25 miles per hour, ran into Golden's Renault automobile, backed up, hit it again, knocking it into a ditch, and then drove away. They gave chase and when appellant's automobile was finally brought to a halt, she used abusive language toward them, smelled of intoxicants, staggered when she walked from her automobile to the police car, refused to give her name, spoke in a very slurred manner, and the officers were "unable to get a coherent answer from her." They expressed the opinion that she was intoxicated.

Appellant, testifying in her own behalf, admitted the prior conviction for misdemeanor driving while intoxicated and stated that her vision was impaired on the night in question when Golden removed her glasses and threw a brick through her windshield, and denied that she had consumed any intoxicants on the day in question.

■ The jury resolved this disputed issue as to appellant's intoxication against her, and we find the evidence sufficient to support the conviction.

By brief it is contended that the court erred in not permitting the attorney for appellant to inquire into the specific details

of an altercation between Golden and appellant's witness Ogburn, who testified concerning the reputation of Golden as a peaceful, law abiding citizen.

 Appellant has cited no case in support of his contention. Since we have concluded that Golden was not a material witness to the offense here charged, his reputation was not in issue, and this being so, clearly the specific details upon which the witness Ogburn based her opinion were not relevant, and the court's refusal to permit such question did not constitute reversible error.

Finding no reversible error, the judgment is affirmed.